**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

<table>
<tr><td>
ROSENBLATT,

     Plaintiff,

v.

THE NUPLEXA GROUP, INC., *et al.*,

     Defendants.
</td><td>
Civil Action No.

2:16-cv-01064(ES-SCM)

**ON PLAINTIFF'S MOTION TO REMAND AND FOR COSTS [D.E. 3]**
</td></tr>
</table>

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, UNITED STATES MAGISTRATE JUDGE

Now before the Court is Plaintiff Raphael Rosenblatt's ("Mr. Rosenblatt") Motion to Remand this case to the Superior Court of New Jersey, Law Division, Bergen County and for Fees and Costs.[1]  The Honorable Esther Salas, United States District Judge, has referred this motion to the undersigned for report and recommendation. Having considered the parties' respective submissions without oral argument[2] and for the reasons set forth herein, it is respectfully recommended that Mr. Rosenblatt's Motion to Remand be **GRANTED** and request for costs be **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 3).

[2] Fed.R.Civ.P. 78.

I.    BACKGROUND

Mr. Rosenblatt filed this putative class action in state court on January 8, 2016.[3]   His Complaint alleges various violations of New Jersey's Consumer Fraud Act and common law claims based on the purchase of "a dietary supplement in capsule form known as Texas Superfood" that was "advertised, promoted, marketed, distributed, and sold online and throughout the State of New Jersey" by Defendants.[4]   Defendants consist of The Nuplexa Group, Inc., a Texas corporation with its principle place of business in Carrollton, Texas and Dr. Dennis Black, an alleged principle of The Nuplexa Group and citizen of Texas (herein "Nuplexa Defendants").[5] The proposed class is comprised of "all consumers located within the State of New Jersey that purchased Texas Superfood for the six-year period preceding the filing of this action."[6]

As set forth in the Complaint, Mr. Rosenblatt alleges that he purchased the Texas Superfood product through the Nuplexa Defendants' website that marketed the product, claiming it

---

[3] *See* (D.E. 1-1 (Compl.)).

[4] (Compl. ¶ 2).

[5] (*Id.* ¶¶ 6,7,8; D.E. 1, Removal at ¶ 8).

[6] (D.E. 1-1 ¶¶ 39-40).

contained the nutritional equivalent "offered by twelve servings of raw fruits and vegetables."[7]  Mr. Rosenblatt alleges he "saw, and/or heard [the Nuplexa Defendants'] promises, product labeling, claims and representations" and purchased the Texas Superfood product in reliance upon the Nuplexa Defendants' "promises, product labeling, and representations."[8]  Mr. Rosenblatt further alleges that the Nuplexa Defendants "misrepresented the nutritional powers and benefits of their Texas Superfood product" and he "received something less than, and different from what [he] reasonably expected" as a result.[9] Due to the Nuplexa Defendants alleged marketing and sale of the Texas Superfood product, Mr. Rosenblatt claims he has been "subjected to misrepresentation, false promises, fraud, deceit, trickery and false and deceptive advertising" and the Nuplexa Defendants are therefore subject to liability under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.[10]

On February 25, 2016, the Nuplexa Defendants removed the matter to federal court, alleging federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[11]

---

[7] (*Id.* ¶¶ 10-14).

[8] (*Id.* ¶¶ 25,26,27).

[9] (*Id.* ¶¶ 28,35).

[10] (*Id.* ¶¶ 31,38).

[11] *See* (D.E. 1).

Specifically, the Nuplexa Defendants allege that jurisdiction is proper because "one member of the putative class is diverse from at least one defendant", "the putative class has in excess of 100 members", and "[t]he $5 million jurisdictional threshold is plainly satisfied by Plaintiff's pleadings."[12]

The Nuplexa Defendants contend that removal was proper under CAFA because a good faith reading of the Complaint "leads to one conclusion: a large damage amount is sought" and that "it is impossible for the alleged claim to be considered *de minimis* [sic]."[13] While the Nuplexa Defendants do not provide any method of calculating the amount in controversy or point to any evidence or proofs from which this conclusion was derived, they suggest that under a preponderance of the evidence standard, the amount in controversy is satisfied.

Conversely, Mr. Rosenblatt contends that the amount in controversy is not satisfied.[14]  He argues that the Nuplexa Defendants' assertion of the CAFA amount is devoid of any factual basis, is vague and speculative and therefore "draws an implausible and unsupported conclusion that the amount in

---

[12]  (D.E. 1 ¶¶ 11-15).

[13]  (D.E. 5 at 3 (Defs.' Opp'n)).

[14]  *See* (D.E. 3-1 (Pl.'s Br.)).

controversy . . . exceeds $5,000,000 in the aggregate."[15] As
such, Mr. Rosenblatt argues that the damages amount proffered by
the Nuplexa Defendants "falls well short of [the] burden of
proving federal jurisdiction under CAFA."[16] Lastly,
Mr. Rosenblatt seeks attorney fees and costs incurred in
bringing the instant motion.[17]


II.   **LEGAL STANDARD**

A civil action brought in state court may be removed to a
federal district court if the district court has original
jurisdiction over the claim.[18] Federal district courts have
original jurisdiction over class actions where (1) the matter in
controversy (*i.e.*, the aggregated claims of the individual class
members) exceeds the sum or value of $5,000,000, exclusive of
interest and costs, (2) any member of a class of plaintiffs is a
citizen of a state different from any defendant, and (3) the
class has at least 100 members.[19]

---

[15] (*Id.* at 3).

[16] (D.E. 6 at 2 (Pl.'s Reply Br.)).

[17] (Pl.'s Br. at 6).

[18] 28 U.S.C. § 1441(a); *see also Samuel-Bassett v. Kia Motors Am.*, 357 F.3d 392, 397 (3rd Cir. 2004).

[19] 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6); *Standard Fire Ins. Co. v. Knowles*, __ U.S. __, 133 S.Ct. 1345, 1348 (2013).

"A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'"[20]  Therefore, the removing party must demonstrate that federal subject matter jurisdiction exists and that removal is proper.[21]  Any doubts must be resolved in favor of remand.[22]

Mr. Rosenblatt disputes the amount in controversy, but not diversity or the class size requirement for jurisdiction to attach.  Therefore, this Report focuses upon the amount in controversy.

## III.  DISCUSSION

### A.    Amount in Controversy

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the

---

[20]  *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014)(quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3rd Cir. 2007)); see also *Morgan v. Gay*, 471 F.3d 469, 473 (3rd Cir. 2006), cert. denied, 552 U.S. 940 (2007).

[21] *See Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied").

[22] *Samuel-Bassett*, 357 F.3d at 403.

jurisdictional threshold."[23]  No evidentiary support is required, and "[t]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."[24]  If contested, "both sides" must submit proofs for the court to decide, by a preponderance of the evidence standard, whether the jurisdictional requirements are met.[25]

Here, the Nuplexa Defendants removed this case to federal court on the basis that the amount in controversy plausibly exceeded the jurisdictional threshold.[26] The Nuplexa Defendants' plainly stated in their notice of removal, that "the amount in controversy exceeds $5 million,"[27] and noted that Mr. Rosenblatt alleged the class consisted of "thousands of consumers" seeking "*inter alia*: (a) treble damages for themselves in an unspecified amount; (b) pre-judgment and post-judgment interest in an unspecified amount; (c) attorney's fees and costs; (d) civil

---

[23] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

[24] *Id.* at 553.

[25] *Id.* at at 550, 554; *Kendall v. CubeSmart L.P.*, No. 15CV6098, 2015 WL 7306679, at *4 (D.N.J. Nov. 19, 2015); *Grace v. T.G.I. Fridays, Inc.*, No. 14CV7233, 2015 WL 4523639, at *6 (D.N.J. July 27, 2015).

[26] (D.E. 1 ¶10); See *Dart Cherokee*, 135 S.Ct. at 547, 554.

[27] (D.E. 1 ¶10).

penalties as set forth in N.J.S.A. 56:8-19; and (e) any other such additional relief as this court deems fair and proper."[28]

Mr. Rosenblatt contests the Nuplexa Defendants' amount-in-controversy assertion and filed a Motion to Remand.[29] Upon the filing of a motion to remand, the parties must submit proofs for the court to decide, by a preponderance of the evidence standard, whether the jurisdictional requirements are met.[30] Neither side has submitted any affidavits or declarations to address this issue.  However, the plaintiff is not required to provide supporting proofs to prevail on a motion for remand[31] because "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"[32]  Furthermore, the burden of proof remains with the removing defendant to show removal was proper.[33]

---

[28]  (D.E. 1 ¶¶12-13).

[29] (See D.E. 3).

[30] See *Dart Cherokee,* 135 S.Ct. at 554; *Kendall v. CubeSmart L.P.,* No. 15CV6098, 2015 WL 7306679, at *4 (D.N.J. Nov. 19, 2015); *Grace v. T.G.I. Fridays, Inc.,* No. 14CV7233, 2015 WL 4523639, at *6 (D.N.J. July 27, 2015).

[31] *Mejia v. DHL Express (USA), Inc.,* No.15cv890, 2015 WL 2452755 at 2 (C.D. Cal. 2015).

[32] *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987).

[33] *Mejia,* 2015 WL 2452755 at 2.

Here, the Nuplexa Defendants hold the burden but have not submitted any fact or facts substantiating its amount in controversy calculation. Instead, the Nuplexa Defendants rely on speculation and conclusory statements.[34] They simply posit that because a "large damage amount" is sought, that it is therefore "impossible for the alleged claim to be considered *de minimis* [sic]."[35] Without more, this statement is insufficient to establish the claimed valuation. It is therefore recommended that this action be remanded to state court.[36]

## B.   Fees and Costs

Mr. Rosenblatt has requested an award of counsel fees and costs in the event that the motion to remand is granted.[37] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[38] However, "courts may award attorney's

---

[34] *Ibarra v. Manheim Invest, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)("A defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions").

[35] (Defs.' Opp'n at 3).

[36] *See DeJoya v. UHS of Delaware, Inc.*, 2016 WL 1060820 (C.D. Ca 2016)(case remanded because defendant failed to satisfy burden on amount in controversy).

[37] (Pl.'s Br. at 6).

[38] 28 U.S.C. § 1447.

fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[39]

For the reasons stated above, the undersigned finds that the amount in controversy alleged by the Nuplexa Defendants is both plausible and objectively reasonable.  It was simply not supported by the motion record.  Hence, an award of counsel fees and costs is not warranted. It is therefore recommended that Mr. Rosenblatt's request for fees and costs be denied.


**IV.    RECOMENDATIONS**

For the reasons articulated herein, the undersigned respectfully recommends that Plaintiff's Motion to Remand, (D.E. 3), be **GRANTED**; and further recommends that Plaintiffs' request for attorneys' fees and costs, (D.E. 3), be **DENIED.**


**V.    OBJECTIONS**

The parties have fourteen days to file and serve any objections to this Report and Recommendation.[40]   "The District

---

[39] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[40]   28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).

Court need not consider frivolous, conclusive, or general objections."[41]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/27/2016 1:39:46 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc:  All parties
     File

---

[41] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).