NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAPHAEL M. ROSENBLATT, individually and on behalf of those similarly situated, | |
| Plaintiff, | Civil Action No. 16-1064 (ES) (SCM) |
| v. | OPINION |
| THE NUPLEXA GROUP, INC., et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

### I. Introduction

Pending before the Court is Plaintiff Raphael M. Rosenblatt's ("Plaintiff") motion to remand this action to the Superior Court of New Jersey, Bergen County. (D.E. No. 3). Defendants—the Nuplexa Group, Inc. and Dennis Black (collectively, "Defendants")—oppose Plaintiff's motion to remand. (D.E. No. 5).

This Court referred Plaintiff's motion to the Honorable Steven C. Mannion, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On May 27, 2016, Magistrate Judge Mannion issued a Report and Recommendation (the "R & R") that the Undersigned grant Plaintiff's motion to remand and deny Plaintiff's request for certain costs. (D.E. No. 13). The parties had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). On June 3, 2016, Defendants filed objections to the R & R. (D.E. No. 15 ("Defs.' Objection")).

"When a litigant files an objection to a Report and Recommendation, the district court

must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

As set forth below, the Court ADOPTS the R & R in relevant part, GRANTS Plaintiff's motion to remand, and DENIES Plaintiff's request for costs.

## II. Background

This is a putative class action concerning a product called Texas Superfood Select ("Texas Superfood"). (D.E. No. 1-1 ("Compl.") ¶ 2). Plaintiff alleges that Defendants made "claims and promises" about this nutrition supplement "that are simply untrue." (*Id.* ¶ 3). He claims that, for the six-year period before the filing of his state court action in January 2016, "Defendants marketed, advertised, promoted, offered and sold their Texas Superfood product to consumers as a dietary supplement designed to deliver the daily nutrition equal to the nutrition offered by twelve servings of raw fruits and vegetables." (*Id.* ¶ 10). Based on Defendants' representations and marketing efforts, "Plaintiff purchased the Texas Superfood product through Defendants' . . . website for a purchase price of $78.60." (*Id.* ¶ 13).

But Plaintiff alleges that, among other things, "Defendants misrepresented the nutritional powers and benefits of their Texas Superfood product" and "have affirmatively misrepresented and mislabeled the Texas Superfood product." (*Id.* ¶¶ 28-29). As a result, "Plaintiff and members of the Class suffered ascertainable loss in the form of actual out-of-pocket payment and expenditure." (*Id.* ¶ 33). Plaintiff's "proposed class consists of all consumers located within the State of New Jersey that purchased Texas Superfood for the six-year period preceding the filing

of [the state court] action." (*Id.* ¶ 39). He alleges that the "class is comprised of thousands of consumers throughout the State of New Jersey." (*Id.* ¶ 40). Plaintiff asserts several New Jersey state law claims—including New Jersey Consumer Fraud Act claims under N.J.S.A. § 56:8-2— against Defendants. (*See* Compl. at 11-16).

## III. Relevant Legal Principles

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This power "is not to be expanded by judicial decree." *Id.*

"A defendant may remove a case in 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]'" *Portillo v. National Freight, Inc.*, No. 15-7908, 2016 WL 1029854, at *3 (D.N.J. Mar. 15, 2016) (quoting 28 U.S.C. § 1441(a)) (alteration in original). The Class Action Fairness Act ("CAFA") "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)).

In particular, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 § 1446(c)(2)(A)). And "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

But "when a defendant's assertion of the amount in controversy is challenged . . . both

3

sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. So, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

"In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). So, "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co.*, 133 S. Ct. at 1348. Therefore, "[t]his entails examining both the dollar figure offered by the plaintiff and Plaintiff's actual legal claims to determine whether the amount in controversy exceeds the statutory threshold, as well as considering the proofs offered by both sides and deciding, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 WL 4523639, at *7 (D.N.J. July 27, 2015) (internal citations and quotation marks omitted).

Notably, "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). To be sure, however, "the language of CAFA favors federal jurisdiction over class actions"—and, "unlike non-CAFA removal situations[], 'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'" *Portillo*, 2016 WL 1029854,

4

at *4 n.9 (quoting *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554).

**IV. Discussion**

    **a. The issue is whether the CAFA's five million dollar statutory threshold is met**

As evident from the parties' motion practice and the R & R—including Defendants' objections thereto—the issue here appears to be whether the CAFA's five million dollar statutory threshold is met.

In his motion to remand, Plaintiff argues that "Defendants' Notice of Removal consists of a single uncertified pleading by Defendants' counsel claiming that the amount in controversy exceeds $5 million pursuant to 28 U.S.C. § 1332(d)(2)," but "there is no factual support for this assertion, whatsoever." (D.E. No. 3-1 at 2 (citation omitted)). Plaintiff notes his allegation that "he paid $78.60 to purchase the Texas Superfood product" and, "[if] this is the measure of damages for each individual class member, in order for the aggregate damages to exceed $5 million, the class would have to consist of a minimum of several tens of thousands of putative class members, even if damages were trebled, punitive damages assessed, and attorney's fees awarded." (*Id.* at 3-4). Plaintiff asserts that "Defendants do not provide any information regarding the number of sales made within the State of New Jersey, even though they are in the best position to know the number of putative class members," nor do they "explain why they have failed to provide this obviously relevant information." (D.E. No. 6 at 2).

For their part, Defendants contend that "[a] good faith reading of Plaintiff Rosenblatt's class action complaint leads to one conclusion: a large damage amount is sought." (D.E. No. 5 at 2). In particular, *first*, Defendants object that the R & R has "certain factual omissions." (Defs.' Objection at 2). They argue the R & R "should have noted that all counts in [Plaintiff's]

5

Complaint were pled deficiently in that they consisted of bald assertions and legal conclusions." (*Id.*). Further, Defendants argue that the R & R "failed to note that compensation for noneconomic losses (untrebled, of course) may be recoverable as part of the 'other appropriate legal' relief that the second sentence of N.J.S.A. 56:8-19 authorizes a court to award." (*Id.* at 2-3 (citing Compl. at 12-16)).

*Second*, Defendants argue that they "have established a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (*Id.* at 3). They contend that the R & R "failed to appreciate that the Complaint itself made specific assertions of value impracticable" and, further, that Plaintiff seeks "such additional relief as this Court deems fair and proper." (*Id.*). Defendants assert that the R & R failed to consider that: (1) Plaintiff's Complaint "could be read to permit" recovery for "harm to class members' physical body"; (2) "[b]oth sides agree that thousands of transactions occurred over the 6 years alleged in the Complaint"; and (3) "punitive damages may be recoverable," which "are in additional [sic] to treble damages, disgorgement of revenue, and counsel fees." (*Id.*).

*Finally*, Defendants contend that Plaintiff's Complaint "violates the most basic tenets of the Federal Rules of Civil Procedure" and to "direct remand under these circumstances would encourage class action plaintiffs to plead deficient complaints so that valuation would fail and class action would remain in the various state county courts throughout the United States." (*Id.*). While contesting remand, Defendants request the Court direct Plaintiff "to amend the pleadings so that a more detailed valuation could be submitted to the court for its consideration" and, additionally, "limited discovery should be permitted." (*Id.* at 4).

### b. This action must be remanded to state court because the Court is not satisfied that the CAFA's amount-in-controversy requirement is met

Given the parties' positions outlined above, the Court must determine whether the matter in controversy exceeds the sum or value of $5,000,000 under 28 U.S.C. § 1332(d) by a preponderance of the evidence upon evaluation of submitted proofs. *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551, 554; *Standard Fire Ins. Co.*, 133 S. Ct. at 1348. But, as noted in the R & R, (D.E. No. 13 at 8), neither side provided the Magistrate Judge (or the Undersigned after issuance of the R & R) with any evidence in the form of, for example, affidavits or declarations.

Particularly critical, however, is Defendants' failure to do so. *Cf. Portillo*, 2016 WL 1029854, at *8 ("Where, as here, the plaintiff contests a removing defendant's showing on the amount in controversy, a court must apply a preponderance of the evidence standard to determine whether the amount in controversy satisfies CAFA's requirements. . . [A] defendant must justify its jurisdictional assertions with some objective, factual basis." (internal citations and omitted)); *Quick v. Kramer*, No. 15-5845, 2015 WL 7737347, at *2 (D.N.J. Nov. 30, 2015) ("Plaintiffs' motion to remand contests Defendant's assertion that the jurisdictional amount has been met. If jurisdiction is challenged, Defendant must establish that the jurisdictional threshold has been satisfied by a preponderance of the evidence; a plausible, good faith allegation of the amount in controversy is not sufficient." (internal citation omitted)).[1]

---

[1] *See also Mejia v. DHL Express (USA), Inc.*, No. 15-890, 2015 WL 2452755, at *2 (C.D. Cal. May 21, 2015) ("Defendant contends that the Supreme Court's reference to 'both sides' submitting proof means that Plaintiff should have produced affirmative evidence showing that the amount in controversy is not satisfied with his Motion. We recently rejected a similar argument . . . . While Plaintiff *may* rebut Defendant's evidence with his own evidence, he need not do so in order to prevail in his Motion.").

And Defendants provide no response to Plaintiff's contention that "they are in the best position to know the number of putative class members." (*See* D.E. No. 6 at 2). Indeed, Defendants fail to provide information about the number of Texas Superfood sales made in New Jersey—or at least a reason why they cannot provide such information.

After all, the Supreme Court's *Dart Cherokee Basin Operating Co.* decision seemingly leaves undisturbed the canon that—even in CAFA removal cases—"the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *See Frederico*, 507 F.3d at 193; *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy requirement is satisfied.").

To be sure, the Court is mindful "that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554. Accordingly, the Court does not adopt the reasoning in support of remand from the R & R to the extent it relies on an antiremoval presumption. (*See* D.E. No. 13 at 8 ("[T]he plaintiff is not required to provide supporting proofs to prevail on a motion for remand because the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." (internal footnotes, quotation marks, and alterations omitted))). "Although removal statutes must generally be strictly construed, with any doubt to be resolved in favor of remand, the presumption against removal does not apply to class actions invoking jurisdiction under the Class Action Fairness

Act." *Gallagher v. Johnson & Johnson Consumer Cos.*, No. 15-6163, 2016 WL 1030143, at *3 (D.N.J. Mar. 15, 2016) (internal citation omitted).

Rather, the Court resolves this matter by focusing strictly on its task to determine whether the parties' proofs establish—beyond a preponderance of the evidence—that the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs" pursuant to 28 U.S.C. § 1332(d)(6). And there simply are no *proofs* that make it more likely than not that this sum or value is exceeded.

In the *Hoffman v. Teleflora LLC* case, for example, the plaintiff's state court action was removed to New Jersey federal court on the basis of CAFA jurisdiction. No. 15-4810, 2016 WL 423648, *3 (D.N.J. Jan. 19, 2016), *report and recommendation adopted by*, 2016 WL 438962, No. 15-4810 (Feb. 3, 2016). The plaintiff's proposed class—based on his state court complaint—was "all New Jersey residents that received a Solicitation email that contained fraudulent and deceptive unsubscribe hyperlinks, and which had no means of unsubscribing either electronically or non-electronically without incurring postage and other costs to the recipient of such email, during the six (6) year period preceding the filing of this action." *Id.* at *1 (citation omitted). Like the instant action, the *Hoffman* plaintiff's state court complaint did not allege an amount in controversy and, in moving to remand, he contested that the CAFA jurisdictional amount-in-controversy existed. *See id.* at *1-2.

But, in opposing remand, the defendant failed to submit "any facts substantiating its amount in controversy calculation" and, instead, "delve[d] into a structured calculation that [was] entirely speculative." *Id.* at *3. Importantly, similar to the situation here, the defendant "failed to provide the actual number of consumers in New Jersey to which it sent its e-mails" and the

9

court determined that the defendant was "in the best and only position to provide this information." *Id.* at \*4 ("Instead of doing so, Defendant has proffered an elaborate calculation—without any factual support—that conveniently arrives at the 1,603 class number. A number that Defendant should be able to readily provide, not calculate."). Moreover, like here, the defendant in *Hoffman* failed to "explain[] why this number could not be provided." *Id.* Because the defendant "failed to establish the amount in controversy under CAFA by a preponderance of the evidence, it [was] recommended that this action be remanded back to state court." *Id.* The district court adopted this recommendation. *Hoffman*, 2016 WL 438962, at \*1.

Here too, it seems that Defendants are in the best position to simply come forward with evidence of New Jersey sales of their Texas Superfood product for the six-year period before January 2016. They have not done so. Nor have Defendants explained why they cannot do so.[2]

To be certain, nothing from the pleadings—namely, Plaintiff's Complaint and Defendants' Notice of Removal—make it reasonably apparent that the jurisdictional amount is met. *See Leff v. Belfor USA Grp., Inc.*, No. 15-2275, 2015 WL 3486883, at \*2-3 (D.N.J. June 2, 2015) (acknowledging that, in calculating the amount in controversy for CAFA removal that, "a court must look to the complaint and engage in a reasonable reading of the value of the rights being litigated" and "may also rely on a defendant's notice of removal," but remanding to state court because the defendant had "not met its burden of establishing the amount in controversy" (quotation marks omitted)). Defendants contend—without factual support—that "[b]oth sides agree that thousands of *transactions* occurred over the 6 years alleged in the Complaint."

---

[2] As such, it is unclear why Defendants contend that "limited discovery should be permitted" in their objections to the R & R. (*See* Defs.' Objection at 4). Nothing is stopping Defendants from coming forward with discovery at this juncture in support of their claim that the CAFA's jurisdictional amount is met. If anything, the authority discussed in this Opinion appears to confirm an obligation on Defendants' part to come forward with proofs given the circumstances in this case.

10

(*Compare* D.E. No. 15 at 3 (emphasis added) *with* Compl. ¶ 40 ("The class is comprised of thousands of *consumers* throughout the State of New Jersey." (emphasis added))). Even speculating that there were 10,000 transactions, for example, involving Texas Superfood costing $78.60 per transaction, this would amount to $786,000. And trebling that figure would result in $2,358,000.00. It is only with further speculation involving punitive damages and counsel fees—which would have to more than double the $2,358,000.00 figure—that the Court can arrive at the CAFA's required amount-in-controversy.

Accordingly, remand to state court is warranted. Indeed, to reach a contrary result would effectively require the Court to set aside the following two tenets: (1) "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," *Frederico*, 507 F.3d at 193; and (2) the Court must consider "proof" and "decide[], by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied," *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554. The Court declines to do so.[3]

## V. Conclusion

As set forth above, the Court overrules Defendants' objections to the R & R and ADOPTS the R & R in relevant part and REMANDS this action to state court.

---

[3] The Court notes that Defendants' Notice of Removal also asserted traditional diversity jurisdiction under 28 U.S.C. § 1332(a) as a basis for federal jurisdiction over this action. (*See* D.E. No. 1 at 2-3). In moving to remand, Plaintiff contested this basis as well, (*see* D.E. No. 3-1 at 4-5), and the parties litigated this issue before the Magistrate Judge, (*see* D.E. No. 5 at 2-3; D.E. No. 6 at 2). But neither the R & R nor Defendants' objection address this issue. Indeed, Defendants' objection focuses only on jurisdiction under the CAFA. (*See* Defs.' Objection at 3-4). The Court can only infer that Defendants have abandoned this basis for jurisdiction—an inference that seems appropriate because Defendants' bear the burden of showing, at all stages of the litigation, that the case is properly before this Court and, moreover, all doubts must resolved in favor of remand when addressing traditional diversity jurisdiction. *See Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *Frederico*, 507 F.3d at 193. Accordingly, the Court declines to address whether traditional diversity jurisdiction exists.

Further, no objections have been filed as to the portion of the R & R concerning Plaintiff's request for counsel fees and costs. (*See* D.E. No. 3-1 at 5-6; D.E. No. 13 at 9-10). The Court has considered the parties' submissions and the R & R, and for substantially the same reasons in the R & R, DENIES Plaintiff's request. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) ("[T]o the extent [the plaintiff] failed to make specific objections to portions of the R & R, the Court was not required to engage in *de novo* review.").

An appropriate Order accompanies this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**